ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

MAY 18 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL KWAK<br>MICHELLE KWAK | Criminal Indictment<br><br>No. 1:21CR-199 |

THE GRAND JURY CHARGES THAT:

## Count 1
## Conspiracy to Commit Wire Fraud

1. From on or about March 30, 2020, through on or about April 5, 2021, in the Northern District of Georgia and elsewhere, the Defendants, PAUL KWAK and MICHELLE KWAK, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and with others known and unknown to the Grand Jury to devise and intend to devise a scheme and artifice to defraud the U.S. Small Business Administration ("SBA"), and for obtaining money from the SBA by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, and, with the intent to defraud, cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

2. In March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security ("CARES") Act to provide emergency financial

assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. The Act created the Economic Impact Disaster Loan ("EIDL") Program to provide economic relief to small businesses with 500 or fewer employees. EIDL proceeds may be used to pay debts, payroll, accounts payable, and other bills that cannot be paid because of the impact of COVID-19. The SBA administers the EIDL Program.

3. An EIDL application must provide, among other information, the amount of revenue the business generated in the 12 months prior to the application and the number of employees. The applicant must certify, under penalty of perjury, that the information is correct and that he or she is legally eligible to apply for an EIDL.

4. Defendants PAUL KWAK and MICHELLE KWAK submitted and caused to be submitted to the SBA over the Internet materially false and fraudulent EIDL applications.

5. For example, on or about August 6, 2020, Defendant PAUL KWAK submitted and caused to be submitted an EIDL application online on behalf of Bomnal LLC, which falsely and fraudulently stated that Bomnal (1) had gross revenue of $549,567 for the 12 months prior to January 31, 2020, (2) had 7 employees as of January 31, 2020, (3) was established on March 26, 2019, and (4) conducted business activity in finance and accounting. In reality, Bomnal had no revenue, no employees, was not

organized as an LLC until March 26, 2020, and conducted no legitimate business activity of any kind.

6. By means of these false and fraudulent applications, Defendants PAUL KWAK and MICHELLE KWAK illegally obtained millions of dollars in EIDL proceeds. For example, as a result of the fraudulent EIDL application submitted in the name of Bomnal, the SBA approved an EIDL of $150,000, and Defendants PAUL KWAK and MICHELLE KWAK converted the proceeds to their personal uses.

All in violation of Title 18, United States Code, Section 1349.

## Counts 2 to 6
## Wire Fraud

7. The facts alleged in paragraphs 2 through 6 are incorporated here.

8. On or about each of the dates set forth below, in the Northern District of Georgia and elsewhere, the Defendants, PAUL KWAK and MICHELLE KWAK, aided and abetted by each other and by others known and unknown to the Grand Jury, having devised and intending to devise a scheme and artifice to defraud the SBA, and for obtaining money from the SBA by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, with the intent to defraud, transmitted and caused to be transmitted by means of wire communication in interstate commerce, the following writings, signs, signals, pictures, and sounds, that is, the EIDL applications identified below, for the purpose of executing such scheme and artifice:

3

| Count | Applicant Company's Name | Date Submitted |
|---|---|---|
| 2 | NSEW GA Inc. | March 30, 2020 |
| 3 | NSEW Eastern LLC | June 16, 2020 |
| 4 | NSEW Western LLC | June 23, 2020 |
| 5 | Copeland GA LLC | August 4, 2020 |
| 6 | Bomnal LLC | August 6, 2020 |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Count 7
## Concealment Money Laundering

9. The facts alleged in paragraphs 2 through 6 are incorporated here.

10. On or about August 14, 2020, in the Northern District of Georgia and elsewhere, the Defendant, PAUL KWAK, knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transaction knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

4

11. The Defendant, PAUL KWAK, knew that the EIDL proceeds of $150,000 approved by the SBA to Bomnal LLC were the proceeds of wire fraud in violation of Title 18, United States Code, Section 1343. On or about August 14, 2020, PAUL KWAK caused to be transferred from Bomnal's bank account $70,000 to himself and $80,000 to Defendant MICHELLE KWAK.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

## FORFEITURE PROVISION

12. Upon conviction of one or more of the offenses alleged in Counts One through Six of this Indictment, the Defendants, PAUL KWAK and MICHELLE KWAK, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violations, including, but not limited to, the following:

13. MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Six of this Indictment.

14. Upon conviction of the offense alleged in Count Seven of this Indictment, the Defendant, PAUL KWAK, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property, including, but not limited to, the following:

15. MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count Seven of this Indictment.

16. If, as a result of any act or omission of any Defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A \_\_\_\_\_*TRUE*\_\_\_\_\_ BILL

*/s/ [signature]*
FOREPERSON

KURT R. ERSKINE
Acting United States Attorney

*Michael S. Qin*
MICHAEL S. QIN
Assistant United States Attorney
Provisionally admitted pursuant to
Local Rule 83.1

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181